UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § § | CIVIL NO. 1:25-CV-1649-ADA |
| v. | § § § | |
| MARVELL SEMICONDUCTOR, INC.; MARVELL TECHNOLOGY GROUP LTD.; MARVELL INTERNATIONAL, LTD., | § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Marvel Semicoductor, Inc.'s ("Marvel") Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 26. After considering the motion, Plaintiff's response in opposition (Dkt. No. 30), and Defendants' reply in support (Dkt. No. 32), the Court finds that the motion is hereby **GRANTED-IN-PART.** The Motion is **GRANTED** with respect to Plaintiff's pre-suit indirect and willful infringement claims. Plaintiff's claims of pre-suit indirect and willful infringement are dismissed without prejudice to re-adding after discovery. The remainder of Defendant's Motion is **DENIED.**

## I.    BACKGROUND

Plaintiff Network System Technologies, LLC ("NST") filed this Complaint alleging infringement of seven U.S. Patents, the most relevant to this motion being U.S. Patent No. 8,072,893 ('2893 Patent) (the "Asserted Patent"). Dkt. No. 1 ¶ 1. The Asserted Patents were developed by Philips Semiconductors and relate to Philips's development of Network on Chip ("NoC") technology. *Id*. ¶¶ 24-25. Defendants filed this Motion to Dismiss under Rule 12(b)(6),

arguing that the '2893 Patent is invalid under 35 U.S.C. § 101 and should be dismissed, and that Plaintiff's pre-suit indirect and willful infringement claims should be dismissed. Dkt. No. 26.

## II.    LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— "that the pleader is entitled to relief." *Id.* Accordingly, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 735. Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* Accordingly, the requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* (quoting *Iqbal*, 556 U.S. at 679).

### III.   ANALYSIS

**1.  Invalidity under § 101**

Marvell argues that claim 10 of the '2893 Patent is directed to a mental process of modifying an IC design based on evaluation of its characteristics, and that it does not contain an inventive concept. Dkt. No. 26 at 4-15. NST argues that the motion to dismiss should be denied because there is a disputed issue of fact relevant to patent-eligibility under § 101 based on the Complaint's allegations about how claim 10 "improve[s] data communication speed and frequency synchronization between processing units through the use of packetized data (comprising N data elements) and introduction of a delay (of M*N cycles) on a communication channel." Dkt. No. 30 at 6 (citing Dkt. No. 1, ¶ 105).

After considering the parties' briefing, the Complaint, and all exhibits, the Court finds that this portion of the Motion should be denied as the Court has determined that the section 101 arguments contained in the Motion are better suited for resolution at a later summary judgment or judgment on the pleadings stage, after having resolved the parties' claim construction arguments. *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 993 (Fed. Cir. 2024).

**2.  Pre-suit indirect and willful infringement**

Both induced infringement and willful infringement require that the alleged infringer have knowledge (or willful blindness) of the asserted patents. *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 727 (W.D. Tex. 2022). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011).

To allege willful infringement, the plaintiff must plausibly allege "subjective willfulness of a patent infringer." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 136 S.Ct. 1923, 1933, 195 L.Ed.2d 278 (2016). This standard requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019); *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

This Court has made a distinction between pre- and post-suit willfulness and has held that the filing of the complaint establishes the notice needed to render a plaintiff's post-suit willfulness claim plausible. *See BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 583 F.Supp.3d 769, 782 (W.D. Tex. Feb. 1, 2022). To show pre-suit willful infringement, the Court will typically require that the defendant receives a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents. *Parity Networks*, 6:19-CV-00207-ADA, 2019 WL 3940952, at *8.

The Court finds that Plaintiff has not plausibly alleged that Marvell had pre-suit knowledge of the Asserted Patents. Plaintiff argues that the Complaint alleges pre-suit knowledge based on NST's 2022 Litigations against another company, Arteris and licensees of Arteris' interconnect technology. Dkt. No. 30 at 16 (citing Dkt. No., 1, ¶¶ 26-27). NST argues that Marvell is a member of RPX Corporation and that RPX notified its members of NST's 2022 Litigations. *See id.* (citing ¶ 27). NST relies on specific news articles distributed by RPX to its members discussing the NST 2022 Litigations and including information related to the enforced patents. *See id.* at 16-17. (citing ¶¶ 26-27).

The Court finds that, after viewing the allegations in the light most favorable to the plaintiff, NST's allegations are insufficient to survive Marvell's Rule 12(b)(6) motion. The Complaint only alleges that Marvell may have been provided with access to knowledge by virtue of its membership with another corporation, and that corporation's resources may have led Marvell to become aware of relevant litigation from NST. NST has not plausibly alleged that Marvell knew of the patents-in-suit or that Marvell should have known that its conduct amounted to infringement. NST's claim fails at step one: the allegations do not plausibly allege knowledge by Marvell. They merely allege access to a potential source of knowledge.

The Court therefore finds that NST's pre-suit indirect and willful infringement claims must fail. But the Court will follow its "usual practice" of dismissing without prejudice the pre-suit indirect and willful infringement claims while allowing NST amend its Complaint after beginning fact discovery to re-add those claims. *BillJCo, LLC*, 583 F. Supp. 3d at 782.

## IV.    CONCLUSION

For these reasons, Marvell's Motion to Dismiss (Dkt. No. 26) under Fed. R. Civ. P. 12(b)(6) is **GRANTED-IN-PART.**

Plaintiff's claims of pre-suit indirect and willful infringement are **DISMISSED WITHOUT PREJUDICE** to re-adding after discovery.

The remainder of the Motion is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** on June 26, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE